UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| PHILLIP WAYNE MULLINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 2:21-CV-149 |
| | )         2:14-CR-070 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is Phillip Wayne Mullins' ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 466].[1] The United States has responded in opposition. [Doc. 3]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also* [Doc. 2]. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 466] will be **DENIED**.

I.     **BACKGROUND**

In August 2014, Petitioner and ten co-defendants were charged in a thirty-five-count second superseding indictment pertaining to conspiracy and distribution of a mixture and substance containing a detectable amount of alpha-pyrrolidinopentinophenone ("a-PVP"),

---

[1] Document numbers not otherwise specified refer to the civil docket.

along with related gun charges. [Crim. Doc. 50]. Petitioner was named in five counts. [*See id*.].

On November 21, 2014, Petitioner entered into a plea agreement with the government. [Crim. Doc. 126]. Petitioner agreed to plead guilty to one count of conspiracy to distribute a mixture and substance containing a detectable amount of a-PVP, a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C). [*See id*.] The plea agreement was signed by Petitioner and attorney Sandra B. Jelovsek.

In his plea agreement, Petitioner acknowledged that beginning approximately March 2012 and continuing until March 2014, Petitioner knowingly, intentionally, and without authority, conspired with at least one other person to distribute and possessed with intent to distribute at least 5,500 grams of a-PVP, a Schedule I controlled substance analogue known on the streets as gravel. Petitioner stipulated that he was previously convicted of a felony drug offense and that one of the guns seized was connected with the offense to merit a two-level enhancement under U.S.S.G. § 2D1.1(b)(1). [*Id*. at 2-3].

The Court conducted a change of plea hearing on December 9, 2014. Although there is no transcript of that hearing in the record the Court recalls conducting its standard colloquy with Petitioner and finding him competent to enter a guilty plea.[2] The Court

---

[2] Where, as here, the same judge considering the § 2255 motion also presided over the underlying proceedings, the judge may rely on his recollections of those proceedings. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013).

confirmed that Petitioner indeed wished to plead guilty. The Court also confirmed: that Petitioner had been afforded ample time to discuss the case with his attorney; that he believed his attorney was fully aware of all the facts on which the charges were based; that counsel had explained the meaning of any words Petitioner might not have understood; that counsel had explained the terms of Petitioner's plea agreement to him; that Petitioner was entering the plea agreement voluntarily and without coercion, and that Petitioner understood that his sentence would be determined *by the Court*.

The Presentence Investigation Report ("PSR") calculated a total offense level of 29 and a criminal history category of VI, resulting in a guideline range of 151 to 188 months. [Crim. Doc. 191, ¶ 72].

The government filed a notice of no objections to the PSR. [Crim. Doc. 194]. The government also filed sentencing memorandum wherein it concurred that the correct advisory guideline calculation was 151 to 188 months imprisonment and requested a sentence towards the bottom of the guidelines range due to Petitioner's unrelated state charge. [Crim Doc. 218].

Petitioner, through counsel, also filed a notice of no objections to the PSR. [Crim. Doc. 205]. Petitioner, through counsel, filed a sentencing memorandum, requesting a downward variance from the advisory guideline range based on an argument that Petitioner's criminal history was overstated and requested a variance of 72 to 96 months to run concurrent with his state charges. [Crim. Doc. 220].

On March 26, 2015, the Court sentenced Petitioner to a total of 151 months' imprisonment partly consecutive and partly concurrent to his state charges and then six

3

years of supervised release. [Crim. Doc. 403]. Petitioner did not file a direct appeal, but on June 29, 2021, he filed a motion to reduce sentence which was reclassified by the Court to a § 2255 motion after Petitioner did not file a timely objection. [Crim. Doc. 468].

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner seems to raise two claims in this § 2255 motion: 1) that his offense of conviction was not a "controlled substance offense" under U.S.S.G. §

4B1.2, and 2) that hie rehabilitative efforts merit a sentence reduction. [Doc. 1; Crim. Doc. 546]. The Court will address Petitioner's claims together.

### A. Timeliness

The Government asserts that Petitioner's motion is untimely as the one-year period of limitations applies to Petitioner's motion. [Doc. 4]. Under 28 U.S.C. § 2255, Petitioner's limitation period runs from the latest of four dates – 1) the date when the judgment of conviction is finalized, 2) the date an impediment by government action is removed if applicable, 3) the date the asserted right was initially recognized by the Supreme Court or the date when a newly recognized right is made retroactively applicable, and 4) the date when the facts surrounding the claim(s) could have been discovered through due diligence. Here, Petitioner does not assert a newly recognized right, new facts to support his claim, nor does he assert any impediment by government action keeping him from timely filing this § 2255 motion.[3] Therefore, the appropriate limitations date is the date of when Petitioner's judgment became final,

Petitioner's judgment became final on April 14, 2015, because Petitioner did not file an appeal. As Petitioner filed the instant motion June 2021, almost over five years beyond the period of limitations provided in 28 U.S.C. § 2255(f)(1), his motion is untimely, absent the applicability of equitable tolling.

Equitable tolling "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond

---

[3] While Petitioner cites several cases from 2019 and 2020, none of those cases were decided by the Supreme Court and made retroactively applicable to cases on collateral review.

that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The AEDPA limitations period may be subject to equitable tolling if the movant shows that (1) extraordinary circumstances beyond his control made timely filing of a federal habeas petition impossible and (2) the movant has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts," *Robertson*, 624 F.3d at 784, and the movant bears the burden of showing that equitable tolling is appropriate. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

To demonstrate in this case that he is entitled to equitable tolling, Petitioner must establish that he has pursued his rights diligently and that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649. Petitioner has not attempted to show that any extraordinary circumstance existed or prevented him from timely raising the claims contained in his § 2255 motion or that he had been pursuing his rights diligently. Because Petitioner has not established that he was unable to timely file his § 2255 motion to vacate due to extraordinary circumstances beyond his control, the Court need not address the diligence prong of the equitable tolling test.

### B. Collateral Attack Waiver

Even if Petitioner's claims were timely, they would still be barred by the collateral attack waiver in his Plea Agreement. When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his sentence, he is precluded from bringing such claims. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing to

7

*United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). A waiver in a plea agreement is generally considered knowing and voluntary if a defendant testified that his guilty plea was not coerced and that he reviewed and understood the agreement terms. *Id*. An exception to the general rule exists if the collateral attack concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). However, in situations where the § 2255 motion does not articulate a basis for attacking the validity of the waiver, the Sixth Circuit and lower courts within the Circuit have upheld collateral attack waivers if the waivers were knowing and voluntary. *Watson v. United States*, 165 F.3d at 486, 489 (6th Cir. 1999); *United States v. Eversole*, No. 6:05-cr-34, 2010 WL 420067, at *2, n.3 (E.D. Ky. Feb. 1, 2010).

In this case, Petitioner signed a Plea Agreement containing the following waiver provision:

> the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right raise, by way of collateral review under §2255, claims of ineffective assistance of counsel or prosecutorial misconduct.

[Crim. Doc. 126, p. 9].

Here, Petitioner does not challenge the validity of the actual waiver, suggest that he did not understand the waiver, nor claim that he did not sign it voluntarily. Accordingly, because Petitioner is not attacking the validity of the plea itself, and because he expressly waived the right to collaterally attack his conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct, his claims are barred by the knowing and voluntary waiver contained in the binding Plea Agreement. *See Davila*, 258 F.3d at

451. Accordingly, both of Petitioner's claims will be **DENIED** as untimely and barred by his collateral attack waiver. As such, the Court finds that it is unnecessary to address the merits of the allegations raised therein.

IV.     CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 466] will be **DENIED** and **DISMISSED**.

V.      CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

Having examined Petitioner's claims under the *Slack* standard, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right and reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge